IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| GUADALUPE HERNANDEZ | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:16cv369 |
| DALLAS JONES | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Guadalupe Hernandez, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner challenges a prison disciplinary conviction for stealing. The conviction was based on 77 packs of bran cereal being found in a brown pillow case held by petitioner as he was leaving the food service area. Petitioner contends the cereal was not stolen because he had picked up left over cereal boxes from tables and out of the trash. He states he needed the cereal because the medical department told him to eat more fiber.

Petitioner makes two primary objections. First, he states he was not provided with a copy of the incident report within the time allotted by prison regulations. However, petitioner does not dispute that he received written notice of the charge more than 24 hours before his disciplinary hearing was held. This is all that is required by applicable law. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1994). Moreover, as the Magistrate Judge stated, the failure to follow prison regulations does not provide petitioner with a basis for relief in this matter. *Mackey v. Federal Bureau of*

*Prisons*, 440 F. App'x 373, 374-75 (5th Cir. 2011).

Petitioner also contends that he took the cereal boxes from the trash because an officer had instructed him to retrieve the material from the trash. Petitioner does not state he raised this argument at his disciplinary hearing. The petition makes no reference to petitioner acting under instructions when he removed the cereal from the trash. Nor did petitioner mention this in the administrative grievances he provided to the court. Regardless, even if petitioner raised this argument before the Discipline Hearing Officer ("DHO"), the DHO was free to accept petitioner's explanation that he was acting under instructions and find petitioner not guilty, or to find this explanation to be less than credible and find petitioner guilty. The charging officer's report that petitioner was in possession of the 77 boxes of cereal constituted "some evidence" of petitioner's guilt. As a result, there was sufficient evidence to support the disciplinary conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1983).

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

**SIGNED** this the 7 day of **May, 2018.**

Thad Heartfield
United States District Judge